FILED
United States Court of Appeals
Tenth Circuit

September 16, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENH CIRCUIT

MARCUS VERMONT BELL,

        Petitioner - Appellant,

    v.

JUSTIN JONES,

        Respondent - Appellee.

No. 10-5051
(N.D. Oklahoma)
(D.C. No. 4:09-CV-00575-CVE-PJC)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **MURPHY**, **GORSUCH,** and **HOLMES**, Circuit Judges.

Petitioner, Marcus Vermont Bell, an Oklahoma state prisoner proceeding *pro se* and *in forma pauperis*, seeks a certificate of appealability ("COA") so he can appeal the district court's dismissal of the habeas corpus petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA).

On May 12, 2004, Bell pleaded guilty in Oklahoma state court to second degree burglary, possession of marijuana, and possession of paraphernalia. He was sentenced on the same day to twenty years' imprisonment on the burglary charge and one year in the Tulsa County Jail on each of the remaining two

charges. Bell attempted to withdraw his guilty plea but his motion was denied. His petition for writ of certiorari was denied by the Oklahoma Court of Criminal Appeals ("OCCA") on January 25, 2005. Bell's first state application for post-conviction relief, filed on May 16, 2008, was denied by the state trial court and Bell did not appeal. On February 18, 2009, he filed a second post-conviction application seeking a post-conviction appeal out of time. The trial court denied the request and the OCCA dismissed the appeal.

Bell filed his federal habeas corpus action on September 3, 2009. In the § 2254 petition he alleged his sentence for the burglary conviction was improperly enhanced. Respondent moved to dismiss Bell's habeas action as time-barred, arguing it was filed after the expiration of the one-year limitations period established by the AEDPA. *See* 28 U.S.C. § 2244(d) (setting forth a one-year statute of limitations for § 2254 applications). The district court concluded Bell's convictions became final on April 25, 2005. The one-year statute of limitations period was not statutorily tolled while Bell pursued state post-conviction relief because he did not first seek that relief until May 16, 2008, more than one year after his conviction became final. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). The district court also concluded Bell failed to demonstrate that he was entitled to equitable tolling. Accordingly, the court granted Respondent's motion and dismissed Bell's habeas petition.

To be entitled to a COA, Bell must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). This court reviews the district court's decision on equitable tolling of the limitations period for abuse of discretion. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

This court has reviewed Bell's appellate brief and application for COA, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Bell is not entitled to a COA. In his appellate brief, Bell concedes that he failed to file his § 2254 application in a timely manner but incorrectly asserts "a violation of constitutional rights can be brought forth at any time." He makes no claim of entitlement to equitable tolling. Thus, it is clear the district court did not abuse its discretion when it refused to equitably toll the one-year limitations period.

The district court's resolution of Bell's habeas application is not reasonably subject to debate and his claims are not adequate to deserve further proceedings. Accordingly, Bell has not "made a substantial showing of the denial of a

constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2). This court **denies** Bell's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge